**UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MANDARIN ORIENTAL, INC. | C.A. No. 1:23-cv-04951-JPC-SLC |
| Plaintiff, | **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |
| v. | |
| HDI GLOBAL INSURANCE COMPANY and ASSICURAZIONI GENERALI S.P.A., | |
| Defendants. | |

**WHEREAS**, Plaintiff Mandarin Oriental, Inc. ("Mandarin") and Defendants HDI Global Insurance Company ("HDI") and Assicurazioni Generali S.p.A. ("Generali") (individually, "Party" and, collectively, "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1. Counsel for any Party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. As used herein:

    a. "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, which has been designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party designating the material as confidential, be detrimental to the conduct of that Party's business or the business of any of that Party's customers or clients.

    b. "Producing Party" shall mean the Party producing Confidential Information in connection with depositions, document production or otherwise, or the Party asserting the confidentiality privilege, as the case may be.

        c.      "Receiving Party" shall mean the Party receiving "Confidential Information" in connection with depositions, document production or otherwise.

3.      The Confidential Information disclosed will be held and used by the Receiving Party solely for use in connection with the action.

4.      In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

5.      The Parties will meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

        a.      The Receiving Party and counsel, including in-house counsel;

        b.      Employees of such counsel assigned to and necessary to assist in the litigation;

        c.      Personnel of any insurers and reinsurers of the Parties to the litigation to whom the Parties or counsel for the Parties are reporting, directly or indirectly, in connection with their defense or prosecution of any claims asserted against or on behalf of such parties in this action, and insurer or reinsurer personnel who have supervisory responsibility over those personnel initially receiving the reports;

        d.      Court reporters and recorders engaged for depositions;

        e.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

        f.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court) and its personnel;

        g.      Contractors specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

        h.      The author or recipient of the document (not including a person who received the document in the course of litigation); and

        i.      Other persons, only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

        a.      Inform the person of the confidential nature of the information or documents;

        b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

        c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. This Agreement shall not preclude counsel for any Party hereto or to the litigation from using, during any deposition in this action, any Documents or Testimony which have been designated as Confidential Information under the terms hereof. All deposition transcripts in which Documents and/or Testimony containing such Confidential Information are used shall presumptively be treated as Confidential Information and subject to this Agreement beginning with the date of the deposition and continuing for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. Regarding deposition testimony, if a Party believes deposition testimony constitutes Confidential Information, they can raise the issue of confidentiality at the deposition. If that Party does so, the deposition transcript shall presumptively be treated as Confidential Information subject to this Agreement beginning with the date of the deposition and continuing for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen-day period, only the portions of the deposition transcript constituting Confidential Information shall be appropriately designated by the Party seeking such designation.

9. A Party may designate as Confidential Information subject to this Agreement any document or information, or any portion thereof, produced or given by any non-party to this case. In the case of Documents produced by such a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents or information shall be treated as "Confidential Information". Nothing herein shall preclude any Party from designating any document or testimony previously produced or

provided in discovery by that Party or any non-party from being denoted as "Confidential Information" to the extent not so previously denoted.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The Producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Party who received PII experiences a data breach, it shall immediately notify the Producing Party of same and cooperate with the Producing Party to address and remedy the breach. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures for requests for filing under seal.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 60 days after entry of final judgment no longer subject to further appeal) returned to the Producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

15. This Agreement may be changed by further written Agreement of the Parties or Order of the Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

SO STIPULATED AND AGREED.

_____
Edward M. Joyce, Esq.
Jason B. Lissy, Esq.
Brian B. Johnson, Esq.
**JONES DAY**
250 Vesey Street
New York, NY 10281
Tel: (212) 326-3939
emjoyce@jonesday.com
jlissy@jonesday.com
bbjohnson@jonesday.com

**Attorneys for Mandarin Oriental, Inc.**

_____
Alexander Cogbill, Esq.
**ZELLE LLP**
45 Broadway, Suite 920
New York, NY 10006
Tel: (646) 876-4400
acogbill@zellelaw.com

and

_____
Paul T. Sullivan, Esq.
Katharina Kraatz-Dunkel, Esq.
**ZELLE LLP**
161 Worcester Road, Suite 502
Framingham, MA 01701
Tel: (781) 466-0700
psullivan@zellelaw.com
kkraatzdunkel@zellelaw.com

**Attorneys for HDI Global Insurance Company and Assicurazioni Generali S.p.A**

Dated: New York, New York
February 3, 2025

SO ORDERED.
_____
SARAH L. CAVE
United States Magistrate Judge

## Exhibit A

### Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)