# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MANDARIN ORIENTAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>HDI GLOBAL INSURANCE COMPANY and ASSICURAZIONI GENERALI S.P.A.,<br><br>Defendants. | C.A. No. 1:23-cv-04951-JPC-SLC |

**DEFENDANT HDI GLOBAL INSURANCE COMPANY'S AND ASSICURAZIONI GENERALI S.P.A.'S SUPPLEMENTAL RESPONSE AND OBJECTIONS TO MANDARIN ORIENTAL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION**

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants HDI GLOBAL INSURANCE COMPANY ("HDI") and ASSICURAZIONI GENERALI S.P.A. ("Generali"; collectively, "Defendants"), by and through their attorneys, ZELLE LLP, hereby supplement their responses to Plaintiff MANDARIN ORIENTAL, INC.'s ("Plaintiff") First Set of Requests for Production, and allege, upon information and belief, as follows:

## GENERAL OBJECTIONS

1. Defendants make the following general objections to Plaintiff's First Set of Requests for Production (the "Requests"). All of these general objections are applicable to each response given below and are incorporated herein. To the extent that a response or information is supplied by Defendants in response to a request for documents, said response or information is provided subject to and without waiver of these general objections as well as the specific objections raised in the response.

2. Defendants' investigation and development of all facts and circumstances relating to this lawsuit is ongoing. Consequently, these responses and objections are made without prejudice to and are not a waiver of Defendants' right to rely on other facts or documents at trial.

3. By making the responses and objections set forth herein, Defendants do not waive, and hereby expressly reserve, the right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceeding, on any and all grounds including, but not limited to, relevancy, materiality, and privilege. Further, Defendants make the responses and objections herein without in any way implying that Defendants consider the demands or responses thereto to be relevant or material to the subject matter of this action.

4. Defendants object to each and every Request to the extent that it seeks information or documents which are outside the scope of permissible discovery pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and/or the Local Rules of the United States District Courts for the Southern and Eastern District of New York ("Local Civil Rules").

5. Defendants object to each and every Request which seeks mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of Defendants.

6. Defendants object to each and every Request to the extent that it seeks documents or information not within Defendants' possession, custody, or control. Defendants will produce responsive documents only to the extent that such documents are in the possession, custody, or control of Defendants, pursuant to FRCP 34(a)(1).

7. Defendants object to each and every Request to the extent that it seeks information or documents which are within the knowledge or possession of Plaintiff and/or Plaintiff's representatives/agents.

8. Defendants object to each and every Request to the extent that it is vague, ambiguous, overly broad, vexatious and/or intended solely for purposes of harassment, and requires an unduly burdensome search of Defendants' records, or expensive to respond to in light of the information's likely benefit, taking into account the needs of the case, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

9. Defendants object to each and every Request to the extent that it fails to identify the information sought with reasonable particularity.

10. Defendant objects to each and every Request to the extent that it seeks documents or information covering persons or business entities not parties to this action and would violate the confidentiality and privacy of individuals not parties to this lawsuit.

11. Defendants object to each and every Request to the extent that it seeks documents or information constituting confidential, commercial, financial, or proprietary information of a third-party, or the joint proprietary or confidential information of Defendants and a third party.

12. Defendants object to each and every Request to the extent that it seeks information or documents which are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

13. Defendants expressly reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

14. Defendants object to the Requests insofar as they attempt to elicit protected documents or information subject to the attorney-client privilege; the work product doctrine; the confidentiality of documents containing the impressions, conclusions, legal research, or theories

of attorneys of Defendants; or seek materials prepared in anticipation of litigation. Defendants assert each and every one of the foregoing privileges and protections applicable to the information or documents sought to the fullest extent provided by law. Although care has been and continues to be made to exclude such items from production, Defendants do not waive such protection with respect to any privilege or work product information or documents that are inadvertently produced.

15. Defendants object to the scope of each and every Request to the extent that it purports to seek information for a period of time in excess of the relevant time period encompassed by the subject matter and issues in this litigation and goes beyond the scope of admissible discovery allowed under the FRCP and the Local Civil Rules.

16. Defendants object to each and every Request to the extent it is unreasonably cumulative and/or duplicative.

17. Defendants object to each and every Request to the extent it seeks information or documents that are obtainable from other sources that are more convenient, less burdensome, or less expensive.

18. A statement that Defendants will produce responsive documents means that, subject to the general objections set forth herein, Defendants will produce responsive, non-privileged documents to the extent such documents exist within Defendants' possession, custody, and control at a time mutually convenient for both parties. However, by producing documents responsive to Plaintiff's Requests, Defendants do not waive any of the foregoing or specific objections set forth below; nor do Defendants waive in any respect objections Defendants may have to the use of such materials at trial or otherwise, or objections Defendants may have in future with regard to further inquiry into the subject matter of these demands. Similarly, Defendants' responses to the Requests should not be construed or used in any fashion as to reflect any form of

agreement with Plaintiff's position in this action.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Defendants object to the definition of the terms "Policies", "HDI Policy", and "Generali Policy" on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome, calls for speculation, not properly limited in scope and time, and not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendants object to the definition of the term "Claim" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, calls for speculation, not properly limited in scope and time, and not reasonably calculated to lead to the discovery of admissible evidence.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

Defendants reserve the right to supplement these responses as necessary and appropriate pursuant to the Federal Rules of Civil Procedure. Subject to and reserving each of the foregoing objections and without waiving any objection and reserving its right to answer, Defendants object and respond to Plaintiff's First Set of Requests for Production as follows:

**REQUEST NO. 1:** All documents concerning the subject matter of the action, including the Policies and Claim.

**RESPONSE TO REQUEST NO. 1:**

**In addition to the applicable General Objections, Defendants object to the request as vague, confusing, ambiguous, duplicative, overbroad, not limited in time, unduly burdensome, and disproportional to the needs of the case. Defendants also object to the request to the extent it seeks materials that are subject to the attorney client privilege and work product protection. Defendants further object to the extent that the request seeks information constituting confidential, commercial, financial, or proprietary information of Defendants, including information regarding reserves and reinsurance, and to the extent that the requirements of the request are inconsistent with the parties' agreements with respect to confidentiality and the production of electronically stored information, as well as the Court's Order dated February 3, 2025. Moreover, Defendants object to the extent the request seeks information already in Plaintiff's possession, custody, or control and is equally**

**burdensome on both parties to produce.**

**Subject to and without waiving the foregoing objections, Defendants will produce all non-privileged, relevant, non-objectionable documents contained within their claim and underwriting files. While reserving their objections to the discoverability of reinsurance information, Defendants will produce documentation regarding their reinsurance contracts in the claim and underwriting files. Defendants will not produce any information regarding reserves.**

**REQUEST NO. 2:** All underwriting files maintained by HDI Global Insurance Company, or any person or entity acting on its behalf, concerning the underwriting and sale of the HDI Policy.

**RESPONSE TO REQUEST NO. 2:**

**In addition to the applicable General Objections, HDI objects to the request as vague, confusing, ambiguous, duplicative, overbroad, unduly burdensome, and disproportional to the needs of the case. HDI also objects to the request to the extent it seeks materials that are subject to the attorney client privilege and work product protection. HDI further objects to the extent that the request seeks information constituting confidential, commercial, financial, or proprietary information of HDI including information regarding reserves and reinsurance, and to the extent that the requirements of the request are inconsistent with the parties' agreements with respect to confidentiality and the production of electronically stored information, as well as the Court's Order dated February 3, 2025. Moreover, HDI objects to the extent the request seeks information already in Plaintiff's possession, custody, or control and is equally burdensome on both parties to produce.**

**Subject to and without waiving the foregoing objections, HDI will produce all non-privileged, relevant, non-objectionable documents contained within its underwriting file. While reserving its objections to the discoverability of reinsurance information, HDI will produce documentation regarding its reinsurance contract(s) in its underwriting file. HDI will not produce any information regarding reserves.**

**REQUEST NO. 3:** All underwriting files maintained by Assicurazioni Generali S.p.A, or any person or entity acting on its behalf, concerning the underwriting and sale of the Generali Policy.

**RESPONSE TO REQUEST NO. 3:**

**In addition to the applicable General Objections, Generali objects to the request as vague, confusing, ambiguous, duplicative, overbroad, unduly burdensome, and disproportional to the needs of the case. Generali also objects to the request to the extent it seeks materials that are subject to the attorney client privilege and work product protection. Generali further objects to the extent that the request seeks information constituting confidential, commercial, financial, or proprietary information of Generali including information regarding reserves and reinsurance, and to the extent that the requirements of the request are inconsistent with the parties' agreements with respect to confidentiality and**

**the production of electronically stored information, as well as the Court's Order dated February 3, 2025. Moreover, Generali objects to the extent the request seeks information already in Plaintiff's possession, custody, or control and is equally burdensome on both parties to produce.**

**Subject to and without waiving the foregoing objections, Generali will produce all non-privileged, relevant, non-objectionable documents contained within its underwriting file. While reserving its objections to the discoverability of reinsurance information, Generali will produce documentation regarding its reinsurance contract(s) in its underwriting file. Generali will not produce any information regarding reserves.**

**REQUEST NO. 4:** All documents and communications concerning the negotiation, underwriting and sale of the Policies, including, but not limited to, communications between or among Defendants, any underwriter, insurance broker, agent or intermediary, and other insurance company or reinsurance company.

**RESPONSE TO REQUEST NO. 4:**

**In addition to the applicable General Objections, Defendants object to the request as vague, confusing, ambiguous, duplicative, overbroad, not limited in time, unduly burdensome, and disproportional to the needs of the case. Defendants further object to the request because it fails to define the terms "underwriter", "insurance broker", agent", "intermediary", "insurance company" and "reinsurance company". Defendants also object to the request to the extent it seeks materials that are subject to the attorney client privilege and work product protection. Defendants further object to the extent that the request seeks information constituting confidential, commercial, financial, or proprietary information of Defendants including information regarding reserves and reinsurance, and to the extent that the requirements of the request are inconsistent with the parties' agreements with respect to confidentiality and the production of electronically stored information, as well as the Court's Order dated February 3, 2025. Moreover, Defendants object to the extent the request seeks information already in Plaintiff's possession, custody, or control and is equally burdensome on both parties to produce.**

**Subject to and without waiving the foregoing objections, Defendants will produce all non-privileged, relevant, non-objectionable documents contained within their claim and underwriting files. While reserving their objections to the discoverability of reinsurance information, Defendants will produce documentation regarding their reinsurance contracts in the claim and underwriting files. Defendants will not produce any information regarding reserves.**

**REQUEST NO. 5:** All documents and communications concerning the drafting, preparation, issuance and delivery of the Policies, including but not limited to such documents and communication that relate in any way to Endorsement Number 3.

**RESPONSE TO REQUEST NO. 5:**

**In addition to the applicable General Objections, Defendants object to the request as vague, confusing, ambiguous, duplicative, overbroad, unduly burdensome, and disproportional to the needs of the case. Defendants also object to the request to the extent it seeks materials that are subject to the attorney client privilege and work product protection. Defendants further object to the extent that the request seeks information constituting confidential, commercial, financial, or proprietary information of Defendants including information regarding reserves and reinsurance, and to the extent that the requirements of the request are inconsistent with the parties' agreements with respect to confidentiality and the production of electronically stored information, as well as the Court's Order dated February 3, 2025. Moreover, Defendants object to the extent the request seeks information already in Plaintiff's possession, custody, or control and is equally burdensome on both parties to produce.**

**Subject to and without waiving the foregoing objections, Defendants will produce all non-privileged, relevant, non-objectionable documents contained within their claim and underwriting files. While reserving their objections to the discoverability of reinsurance information, Defendants will produce documentation regarding their reinsurance contracts in the claim and underwriting files. Defendants will not produce any information regarding reserves.**

**REQUEST NO. 6:** All documents used, or available for use, by Defendants, or any person or entity acting on its behalf, for soliciting, advertising, marketing, promoting and/or selling the Policies, including, but not limited to, all sales, marketing and promotional brochures, pamphlets, literature and materials, "how-to-sell" instructions, and marketing plans relating to or describing the Policies' coverage as it pertains to coverage for losses related to communicable diseases, including but not limited to COVID-19.

**RESPONSE TO REQUEST NO. 6:**

**In addition to the applicable General Objections, Defendants object to the request as irrelevant, vague, confusing, ambiguous, overbroad, not limited in time, unduly burdensome, and disproportional to the needs of the case. Defendants further object to the request because it fails to define the terms "communicable diseases" and "COVID-19". Defendants also object to the request to the extent it seeks materials that are subject to the attorney client privilege and work product protection. Defendants further object to the extent that the request seeks information constituting confidential, commercial, financial, or proprietary information of Defendants including information regarding reserves and reinsurance, and to the extent that the requirements of the request are inconsistent with the parties' agreements with respect to confidentiality and the production of electronically stored information, as well as the Court's Order dated February 3, 2025. Moreover, Defendants object to the extent the request seeks information already in Plaintiff's possession, custody, or control and is equally burdensome on both parties to produce.**

**Subject to and without waiving the foregoing objections, Defendants will produce all non-privileged, relevant, non-objectionable documents contained within their claim and underwriting files. While reserving their objections to the discoverability of reinsurance information, Defendants will produce documentation regarding their reinsurance contracts in the claim and underwriting files. Defendants will not produce any information regarding reserves.**

**REQUEST NO. 7:** All documents and communications concerning the drafting of Endorsement Number 3 to the Policies.

**RESPONSE TO REQUEST NO. 7:**

**In addition to the applicable General Objections, Defendants object to the request as vague, confusing, ambiguous, duplicative, overbroad, unduly burdensome, and disproportional to the needs of the case. Defendants also object to the request to the extent it seeks materials that are subject to the attorney client privilege and work product protection. Defendants further object to the extent that the request seeks information constituting confidential, commercial, financial, or proprietary information of Defendants including information regarding reserves and reinsurance, and to the extent that the requirements of the request are inconsistent with the parties' agreements with respect to confidentiality and the production of electronically stored information, as well as the Court's Order dated February 3, 2025. Moreover, Defendants object to the extent the request seeks information already in Plaintiff's possession, custody, or control and is equally burdensome on both parties to produce.**

**Subject to and without waiving the foregoing objections, Defendants will produce all non-privileged, relevant, non-objectionable documents contained within their claim and underwriting files. While reserving their objections to the discoverability of reinsurance information, Defendants will produce documentation regarding their reinsurance contracts in the claim and underwriting files. Defendants will not produce any information regarding reserves.**

**REQUEST NO. 8:** All claim files for claim number 01-837-00803-20-9, including but not limited to loss runs, payment documentation, checks, and other documents or communications contained within or pertaining to the claim

**RESPONSE TO REQUEST NO. 8:**

**In addition to the applicable General Objections, Defendants object to the request as irrelevant, vague, confusing, ambiguous, duplicative, overbroad, unduly burdensome, and disproportional to the needs of the case. Defendants further object to the request because it fails to define "claim number 01-837-00803-20-9". Defendants also object to the request to the extent it seeks materials that are subject to the attorney client privilege and work product protection. Defendants further object to the extent that the request seeks information constituting confidential, commercial, financial, or proprietary information of Defendants including information regarding reserves and reinsurance, and to the extent that the**

**requirements of the request are inconsistent with the parties' agreements with respect to confidentiality and the production of electronically stored information, as well as the Court's Order dated February 3, 2025.**

**Subject to and without waiving the foregoing objections, Defendants will produce all non-privileged, relevant, non-objectionable documents contained within their claim and underwriting files. While reserving their objections to the discoverability of reinsurance information, Defendants will produce documentation regarding their reinsurance contracts in the claim and underwriting files. Defendants will not produce any claim file relating to claim number 01-837-00803-20-9, as any such claim is unrelated to Mandarin and not relevant to the instant action. Defendants will not produce any information regarding reserves.**

**REQUEST NO. 9:** All documents and communications concerning manuals, bulletins, standards, practices, guidelines, instructions, procedures or policies for handling claims for insurance coverage under each of the coverages in the Policies, including any endorsements or exclusions thereto, prepared or used, or available for use, by Defendants or any person or entity acting on their behalf.

**RESPONSE TO REQUEST NO. 9:**

**In addition to the applicable General Objections, Defendants object to the request as irrelevant, vague, confusing, ambiguous, duplicative, overbroad, not limited in time, unduly burdensome, and disproportional to the needs of the case. Defendants also object to the request to the extent it seeks materials that are subject to the attorney client privilege and work product protection. Defendants further object to the extent that the request seeks information constituting confidential, commercial, financial, or proprietary information of Defendants including information regarding reserves and reinsurance, and to the extent that the requirements of the request are inconsistent with the parties' agreements with respect to confidentiality and the production of electronically stored information, as well as the Court's Order dated February 3, 2025. Moreover, Defendants object to the extent the request seeks information already in Plaintiff's possession, custody, or control and is equally burdensome on both parties to produce.**

**Subject to and without waiving the foregoing objections, Defendants will produce all non-privileged, relevant, non-objectionable documents contained within their claim and underwriting files. While reserving their objections to the discoverability of reinsurance information, Defendants will produce documentation regarding their reinsurance contracts in the claim and underwriting files. Defendants will not produce any information regarding reserves.**

**REQUEST NO. 10:** All sworn statements (including transcripts of any testimony) by any directors, officers, officials, employees, agents, representatives or experts of Defendants or their representatives, concerning the applicability, scope, meaning or interpretation of the Policies' Endorsement Number 3.

**RESPONSE TO REQUEST NO. 10:**

**In addition to the applicable General Objections, Defendants object to the request as vague, confusing, ambiguous, overbroad, unduly burdensome, and disproportional to the needs of the case. Defendants also object to the request to the extent it seeks materials that are subject to the attorney client privilege and work product protection. Defendants further object to the extent that the request seeks information constituting confidential, commercial, financial, or proprietary information of Defendants including information regarding reserves and reinsurance, and to the extent that the requirements of the request are inconsistent with the parties' agreements with respect to confidentiality and the production of electronically stored information, as well as the Court's Order dated February 3, 2025.**

**Subject to and without waiving the foregoing objections, Defendants are not aware that any such statements exist.**

**REQUEST NO. 11:** All documents and communications concerning manuals, bulletins, standards, practices, guidelines, instructions, procedures or policies for underwriting each of the coverages in the Policies, including any endorsements or exclusions thereto, that were in effect at the time Defendants underwrote and issued the Policies.

**RESPONSE TO REQUEST NO. 11:**

**In addition to the applicable General Objections, Defendants object to the request as irrelevant, vague, confusing, ambiguous, duplicative, overbroad, not limited in time, unduly burdensome, and disproportional to the needs of the case. Defendants also object to the request to the extent it seeks materials that are subject to the attorney client privilege and work product protection. Defendants further object to the extent that the request seeks information constituting confidential, commercial, financial, or proprietary information of Defendants including information regarding reserves and reinsurance, and to the extent that the requirements of the request are inconsistent with the parties' agreements with respect to confidentiality and the production of electronically stored information, as well as the Court's Order dated February 3, 2025. Moreover, Defendants object to the extent the request seeks information already in Plaintiff's possession, custody, or control and is equally burdensome on both parties to produce.**

**Subject to and without waiving the foregoing objections, Defendants will produce all non-privileged, relevant, non-objectionable documents contained within their claim and underwriting files. While reserving their objections to the discoverability of reinsurance information, Defendants will produce documentation regarding their reinsurance contracts in the claim and underwriting files. Defendants will not produce any information regarding reserves.**

**REQUEST NO. 12:** All communications and documents concerning reinsurance for Mandarin's claims under the Policies.

**RESPONSE TO REQUEST NO. 12:**

**In addition to the applicable General Objections, Defendants object to the request as irrelevant, vague, confusing, ambiguous, duplicative, overbroad, not limited in time, unduly burdensome, and disproportional to the needs of the case. Defendants also object to the request to the extent it seeks materials that are subject to the attorney client privilege and work product protection. Defendants further object to the extent that the request seeks information constituting confidential, commercial, financial, or proprietary information of Defendants including information regarding reinsurance, and to the extent that the requirements of the request are inconsistent with the parties' agreements with respect to confidentiality and the production of electronically stored information, as well as the Court's Order dated February 3, 2025.**

**Subject to and without waiving the foregoing objections, Defendants will produce all non-privileged, relevant, non-objectionable documents contained within their claim and underwriting files. While reserving their objections to the discoverability of reinsurance information, Defendants will produce documentation regarding their reinsurance contracts in the claim and underwriting files. Defendants will not produce any information regarding reserves.**

**REQUEST NO. 13:** All communications and documents concerning Defendants' reserves for Mandarin's claims under the Policies.

**RESPONSE TO REQUEST NO. 13:**

**In addition to the applicable General Objections, Defendants object to the request as irrelevant, vague, confusing, ambiguous, duplicative, overbroad, not limited in time, unduly burdensome, and disproportional to the needs of the case. Defendants also object to the request to the extent it seeks materials that are subject to the attorney client privilege and work product protection. Defendants further object to the extent that the request seeks information constituting confidential, commercial, financial, or proprietary information of Defendants including information regarding reserves, and to the extent that the requirements of the request are inconsistent with the parties' agreements with respect to confidentiality and the production of electronically stored information, as well as the Court's Order dated February 3, 2025. Moreover, Defendants object to the extent the request seeks information already in Plaintiff's possession, custody, or control and is equally burdensome on both parties to produce.**

**Subject to and without waiving the foregoing objections, Defendants will produce all non-privileged, relevant, non-objectionable documents contained within their claim and underwriting files. While reserving their objections to the discoverability of reinsurance information, Defendants will produce documentation regarding their reinsurance contracts in the claim and underwriting files. Defendants will not produce any information regarding reserves.**

**<u>REQUEST NO. 14</u>:** All communications and documents concerning any business interruption claims by policyholders owed coverage for manifestations of a communicable disease within a radius of the policyholder's premises, for which Defendants initially withheld payment, in whole or part, on account of the lack of a causal link between the communicable disease's manifestation and the diminution of the business, but for which Defendants subsequently made payment on such disputed claim amounts.

**<u>RESPONSE TO REQUEST NO. 14:</u>**

**In addition to the applicable General Objections, Defendants object to the request as irrelevant, vague, confusing, ambiguous, duplicative, overbroad, not limited in time, unduly burdensome, and disproportional to the needs of the case. Defendants further object to the request because it fails to define the terms and phrases "manifestations of a communicable disease", "radius", "causal link", and "diminution of the business". Defendants also object to the request to the extent it seeks materials that are subject to the attorney client privilege and work product protection. Defendants further object to the extent that the request seeks information constituting confidential, commercial, financial, or proprietary information, and to the extent that the requirements of the request are inconsistent with the parties' agreements with respect to confidentiality and the production of electronically stored information, as well as the Court's Order dated February 3, 2025.**

**Subject to and without waiving the foregoing objections, Defendants will produce all non-privileged, relevant, non-objectionable documents contained within their claim and underwriting files to the extent that they relate to Mandarin. Defendants do not agree to search for or produce information relating to insurance claims made by other insureds. While reserving their objections to the discoverability of reinsurance information, Defendants will produce documentation regarding their reinsurance contracts in the claim and underwriting files. Defendants will not produce any information regarding reserves.**

**<u>REQUEST NO. 15</u>:** All communications and documents concerning any business interruption claims by policyholders owed coverage for manifestations of a communicable disease within a radius of the policyholder's premises, for which Defendants remitted payment without dispute.

**<u>RESPONSE TO REQUEST NO. 15:</u>**

**In addition to the applicable General Objections, Defendants object to the request as irrelevant, vague, confusing, ambiguous, duplicative, overbroad, not limited in time, unduly burdensome, and disproportional to the needs of the case. Defendants further object to the request because it fails to define the phrases and terms "manifestations of a communicable disease" and "radius". Defendants also object to the request to the extent it seeks materials that are subject to the attorney client privilege and work product protection. Defendants further object to the extent that the request seeks information constituting confidential, commercial, financial, or proprietary information of Defendants including information regarding reserves and reinsurance, and to the extent that the requirements of the request are inconsistent with the parties' agreements with respect to confidentiality and the**

**production of electronically stored information, as well as the Court's Order dated February 3, 2025.**

**Subject to and without waiving the foregoing objections, Defendants will produce all non-privileged, relevant, non-objectionable documents contained within their claim and underwriting files to the extent that they relate to Mandarin. Defendants do not agree to search for or produce information relating to insurance claims made by other insureds. While reserving their objections to the discoverability of reinsurance information, Defendants will produce documentation regarding their reinsurance contracts in the claim and underwriting files. Defendants will not produce any information regarding reserves.**

Dated: February 28, 2025

AS TO OBJECTIONS

**ZELLE LLP**

By: */s/ Paul T. Sullivan*

Paul T. Sullivan (*Pro Hac Vice*)
Katharina Kraatz-Dunkel (*Pro Hac Vice*)
161 Worcester Road, Suite 502
Framingham, MA 01701
Telephone: (781) 466-0700
Facsimile: (781) 466-0701
psullivan@zellelaw.com
kkraatzdunkel@zellellaw.com

and

Alexander W. Cogbill
ZELLE LLP
45 Broadway, Suite 920
New York, NY 10006
Telephone: (646) 876-4420
Facsimile: (612) 336-9100
Email: acogbill@zellelaw.com

*Attorneys for Defendants,*
*HDI Global Insurance Company and Assicurazioni Generali S.p.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February, 2025, a copy of the foregoing was served via electronic mail and regular mail upon all counsel of record as follows:

Edward M. Joyce, Esq,
Jason B. Lissy, Esq.,
Brian B. Johnson, Esq.
JONES DAY
250 Vesey Street
New York, NY 10281
emjoyce@jonesday.com
jlissy@jonesday.com
bbjohnson@jonesday.com

*/s/ Katharina Kraatz-Dunkel*
Katharina Kraatz-Dunkel