UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANDARIN ORIENTAL, INC.

                     Plaintiff,

      v.

HDI GLOBAL INSURANCE COMPANY and
ASSICURAZIONI GENERALI S.p.A.,

                     Defendant.

CIVIL ACTION NO. 23 Civ. 4951 (JPC) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

In an Opinion & Order dated June 10, 2025, following an in camera review of certain privileged documents and a telephone conference (ECF No. 67 (the "Conference")), the Court granted in part and denied in part the motion of Plaintiff Mandarin Oriental, Inc. ("Mandarin") to compel two of its insurers, Defendants HDI Global Insurance Company ("HDI") and Assicurazioni Generali S.p.A. ("Generali", with HDI, "Defendants") to produce certain documents Defendants withheld as privileged. (ECF No. 59 (the "Motion")). See Mandarin Oriental, Inc. v. HDI Global Ins. Co., No. 23 Civ. 4951 (JPC) (SLC), 2025 WL 1638071 (S.D.N.Y. June 10, 2025) ("Mandarin II").[1] After Mandarin II was issued, Defendants disclosed that they had omitted attachments from the Exemplars submitted for the Court's review, and requested clarification of the Court's ruling as to Exemplars 1, 3, and 4, which the parties had not specifically discussed during the Conference. (ECF No. 70 at 1). Following another conference with the parties on June 16, 2025 (ECF No. 66), the Court directed Defendants to submit for in camera review the omitted attachments. (ECF No. 71).

---

[1] We incorporate the factual and procedural background and legal standard and analysis and continue to employ the same defined terms from Mandarin II.

1

Having now reviewed the omitted attachments and applying the same legal standards and conclusions set forth in Mandarin II, the Court orders as follows:

(1) Exemplar 1: On page 7-8 of Exemplar 1 appears a section entitled "Coverage Counsel Conclusion based on Coverage in HDI Policy".  Because this portion of Exemplar 1 contains a summary of HDI's counsel's legal advice, it is protected by the ACP and may properly be redacted.  See Mandarin II, 20225 WL 1638071, at *9 (finding that message containing legal advice was protected by ACP and properly redacted).  While the balance of the email chain—among non-attorneys as far as we can tell—discusses negotiations with Mandarin and the setting of reserves for Mandarin's claim, as discussed in Mandarin II, New York law required Defendants to set a reserve and these messages are more than a year before this action commenced, and so are not subject to WPP.  Id. at *8.  Accordingly, Defendants may redact from Exemplar 1 only the text on page 7 from "Coverage Counsel Conclusion . . ." through ". . . to the Insurers[,]" and must produce the balance of Exemplar 1.

(2) Exemplar 1 – Attachment 1:  Attachment 1 to Exemplar 1 is a 20-page letter dated September 3, 2021 from Mr. Sullivan at Zelle to Mr. Brown at HDI summarizing Zelle's "analysis of coverage" with respect to Mandarin's claim under HDI's policy (the "Sept. 3 Zelle Opinion").  The Sept. 3 Zelle Opinion reflects Zelle's legal analysis and advice concerning Mandarin's claim and so is protected by the ACP and properly withheld.  Following the letter from Mr. Sullivan is a copy of HDI's policy, which is not privileged and shall be produced.

(3) Exemplar 1 – Attachment 2: Attachment 2 to Exemplar 1 is an email chain, the most recent of which is a November 19, 2021 message from Matthia Gruschka to Mr. Brown and others dated November 19, 2021 discussing HDI's settlement authority with respect to Mandarin's claim.  On pages 5–6 of this attachment appears the same section entitled "Coverage Counsel Conclusion based on Coverage in HDI Policy" as appears in Exemplar 1 itself.  As with Exemplar 1, this portion of Attachment 2 contains a summary of HDI's counsel's legal advice, it is protected by the ACP and may properly be redacted.  See Mandarin II, 20225 WL 1638071, at *9 (finding that message containing legal advice was protected by ACP and properly redacted).  While the balance of the email chain—apparently among non-attorneys—in Attachment 2 discusses negotiations with Mandarin and the setting of reserves for Mandarin's claim, as discussed in Mandarin II, New York law required Defendants to set a reserve and these messages are dated more than a year before this action commenced, and so are not subject to WPP.  Id. at *8.  Accordingly, Defendants may redact from Exemplar 1 – Attachment 2 only the text on pages 5–6 from "Coverage Counsel Conclusion . . ." through ". . . to the Insurers[,]" and must produce the balance of Exemplar 1 – Attachment 2.

(4) Exemplar 2 – Attachment 1: Attachment 1 to Exemplar 2 is identical to Exemplar 1 – Attachment 1.  Accordingly, the Court's ruling in item (2) above applies.

(5) Exemplar 3: On page 4 of Exemplar 3 appears a short summary of "[c]ounsel['s] opinion" regarding potential litigation.  Because this portion of Exemplar 3 contains a summary of HDI's counsel's legal advice, it is protected by the ACP and may properly

3

be redacted.  See Mandarin II, 20225 WL 1638071, at *9.  Accordingly, Defendants may redact from Exemplar 3 the text on page 4 from "Counsel opinion . . ." through ". . . to the Insurers[,]" and must produce the balance of Exemplar 3.

(6) Exemplar 4: On page 1 of Exemplar 4 appears a short summary of Generali's counsel's legal advice, which, for the same reasons as Exemplars 1 and 3, is protected by the ACP and may properly be redacted.  Accordingly, Defendants may redact from Exemplar 4 the text on page 1 from "To quote counsel . . ." to "in certain jurisdiction[,]" and must produce the balance of Exemplar 4.

(7) Exemplar 5 – Attachment 1:  Attachment 1 to Exemplar 5 is an email chain, the most recent message of which is from Mr. Lammond (of Generali) to Mr. Sullivan at Zelle dated November 10, 2021, attaching a draft settlement agreement and release as to which Mr. Lammond appears to be seeking Mr. Sullivan's advice.  Because this email and the accompanying draft settlement agreement and release indicate Generali's solicitation of legal advice from Mr. Sullivan, they are protected by ACP and are appropriately redacted.  The balance of the email chain, however, is among Generali personnel who, at least as far as Defendants have explained, were not attorneys and do not appear to be soliciting or seeking legal advice, nor, given their timing (in November 2021), are these messages protected by WPP.  Accordingly, Defendants may properly redact the first email dated November 10, 2021 from Mr. Lammond to Mr. Zelle (on page 1) and the draft settlement agreement and release (on pages 12–16), but must produce the balance of Exemplar 5 – Attachment 1.

(8) <u>Exemplar 5 – Attachment 2</u>: Attachment 2 to Exemplar 5 is an email chain, the most recent message of which is from Mr. Lammond to his colleagues at Generali dated November 15, 2021, in which he summarizes and to which he attaches the Sept. 3 Zelle Opinion. Additional emails between Mr. Lammond and Mr. Sullivan dated in November 2021 appear on pages 3–6 of Attachment 2. For the same reason as Exemplar 1 – Attachment 1, the Sept. 3 Zelle Opinion is protected by the ACP, as are the additional emails between Mr. Lammond and Mr. Sullivan. Accordingly, Defendants may properly redact the Sept. 3 Zelle Opinion (pages 18–37) and the emails between Mr. Lammond and Mr. Sullivan on pages 3–6, and must produce the balance of Exemplar 5 – Attachment 2.

Dated:     New York, New York
           June 18, 2025

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

5