JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

DIRECT NUMBER: +1.212.326.3834
EMJOYCE@JONESDAY.COM

September 9, 2025

VIA CM/ECF

The Honorable Sarah L. Cave
United States Magistrate Judge
U.S. District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re: *Mandarin Oriental, Inc. v. HDI Global Ins. Co. et al.*, Case No. 23-cv-04951-JPC-SLC: Request for Discovery Conference

Dear Judge Cave:

Pursuant to Local Rule 37.2 and Rule II.C.2 of Your Honor's Individual Practices in Civil Cases, Plaintiff Mandarin Oriental, Inc. ("Mandarin") respectfully requests a discovery conference to compel non-party J.S. Held, LLC ("J.S. Held") to respond to a validly served subpoena or, alternatively, show cause why it should not be held in contempt for failing to do so.

**Background**

Defendants HDI Global Insurance Co. ("HDI") and Assicurazioni Generali S.p.A. ("Generali") (collectively, "Defendants") retained J.S. Held as their forensic loss accountant for Mandarin's insurance claim for business interruption losses due to COVID-19, and in that role, J.S. Held was responsible for calculating Mandarin's damages using materials provided by Mandarin. During the June 18, 2025 deposition of J.S. Held accountant Jared O'Connor, he testified J.S. Held had also provided services for a separate 2016 insurance claim by Mandarin for business interruption losses due to the presence of Zika disease under the same policy language at issue in this case. In contrast to this case, those insurers paid the Zika claim. Exhibit F. Mr. O'Connor testified that he reviewed J.S. Held's Zika file as part of his work on the COVID claim at issue in this case, but that the file had not been produced. Jared O'Connor Dep. at 160:18 – 161:7 (June 18, 2025). Mandarin requested the file that day. *Id.* at 161:8-9.

On June 23, 2025, Mandarin served a subpoena duces tecum on an individual at J.S. Held's headquarters in Jericho, New York seeking production of one category of documents:

> All documents and communications relating to Mandarin Oriental Inc.'s 2016 claim for business interruption/interference losses due to infectious

> Zika disease manifested by persons within a 5-mile radius of Mandarin's Miami hotel premises.

Exhibit A (subpoena); Exhibit B (proof of service); Exhibit C (notice to Defendants); Exhibit D (listing J.S. Held's headquarters). The subpoena listed the place of compliance as the New York office of Jones Day (approximately 25 miles from J.S. Held's Jericho, New York headquarters) and provided the deadline to comply was June 27, 2025.[1]

**Impasse**

Mandarin received no response from J.S. Held by the June 27 deadline. Johnson Declaration ¶ 9. On August 4, 2025, attorney Jamal McBroom of Butler Weihmuller Katz Craig LLP emailed Mandarin counsel and, purporting to represent J.S. Held in responding to the subpoena, requested an extension to respond. Exhibit E. Mandarin agreed to the extension through August 14, 2025 as requested. *Id.* However, on August 15, 2025, Mr. McBroom again emailed and stated that his firm would not in fact be representing J.S. Held, and that J.S. Held would respond on its own. *Id.* As of the date of filing, Mandarin has not received any further response from J.S. Held, nor has J.S. Held served any written objection to the subpoena. Johnson Declaration ¶¶ 10-11.

Mandarin met and conferred with Defendants on August 20, 2025 for approximately thirty minutes. Present were Morgan Hirst, Ed Joyce, Brian Johnson, and Brandon Sprague for Mandarin, and Paul Sullivan, Katharina Kraatz-Dunkel, and Alexander Cogbill for Defendants. During the conference, Mandarin raised the outstanding subpoena, as Defendants' counsel had previously served as counsel to J.S. Held witnesses at depositions in this case and had previously produced documents on J.S. Held's behalf in this case. Defendants' counsel stated that they are not representing J.S. Held in relation to the subpoena and that Defendants have no power to compel production of the Zika file since they were not involved in that claim. Nevertheless, Defendants' counsel stated he would push J.S. Held to respond. Mandarin stated if no response was forthcoming by the next week, it would seek court intervention.

Mandarin has been diligent in seeking a resolution by meeting with Defendants and conferring with Mr. McBroom, who stated that he would be representing J.S. Held only later to retract. J.S. Held is clearly aware of the subpoena. Therefore, Mandarin believes the parties are at an impasse.

---

[1] As a result, this Court is the court of "compliance" where a motion to compel must be brought under Federal Rule of Civil Procedure 45(d)(2) or a motion for contempt under Federal Rule of Civil Procedure 45(g).

**Relief Sought**

Mandarin seeks an order compelling J.S. Held to respond to the subpoena or show cause why it should not be held in contempt for failing to do so. *See* Fed. R. Civ. P. 45(d)(2)(B)(i), (g); *Kerr v. John Thomas Fin.*, No. 14-CIV-9168, 2017 WL 485041, at *4 (S.D.N.Y. Feb. 3, 2017) (stating courts should order compliance before contempt); *Sheet Metal Workers' Nat'l Pension Fund v. RHB Installations, Inc.*, No. 12-CV-2981, 2016 WL 128153, at *2 (E.D.N.Y. Jan. 12, 2016) (ordering compliance with a subpoena and stating failure to comply with the order may result in contempt sanctions). Because the place of compliance in Mandarin's subpoena—Jones Day's office—is in this district and within 100 miles of J.S. Held's headquarters, this court is the proper venue. *See* Fed. R. Civ. P. 45(c)(2)(A); *JMC Rest. Holdings, LLC v. Pevida*, No. 14-CIV-6157, 2015 WL 2240492, at *2-4 (E.D.N.Y. May 12, 2015).

J.S. Held was properly served with the subpoena. By failing to object before either the June 27 or August 14 deadline, J.S. Held has waived any objections. *See* Fed. R. Civ. P. 45(d)(2)(B); *Sines v. Yiannopoulos*, No. 20-MISC-241, 2020 WL 6058279, at *4 (S.D.N.Y. Oct. 14, 2020). Nevertheless, the documents requested are relevant because (1) Mr. O'Connor testified he reviewed them in calculating Mandarin's COVID loss, and (2) the special perils coverage at issue in the Zika claim—which the insurers paid—is identical to the special perils coverage for Mandarin's COVID claim at issue here—for which the Defendants are disputing coverage. Mandarin's narrow request is not burdensome.

Furthermore, J.S. Held's silence despite being aware of the subpoena shows clear intent to not comply with the subpoena, warranting an order to show cause. *See Flannigan v. Vulcan Power Grp., LLC*, No. 09-CV-8473, 2019 WL 3242531, at *5 (S.D.N.Y. July 3, 2019); *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002).

Mandarin respectfully requests a discovery conference to discuss the need to compel J.S. Held to respond to the subpoena or show cause why it should not be held in contempt for failing to do so. Should the Court require further briefing, Mandarin has prepared a formal motion that it can file.

*REMAINDER OF PAGE LEFT BLANK*

New York, New York

Respectfully submitted,

*/s/ Edward M. Joyce*

Edward M. Joyce
Brian B. Johnson
JONES DAY
250 Vesey Street
New York, NY 10281
212-326-3939
emjoyce@jonesday.com
bbjohnson@jonesday.com

Morgan R. Hirst (*pro hac vice*)
JONES DAY
110 N. Wacker Drive, Suite 4800
Chicago, IL 60606
312-782-3939
mhirst@jonesday.com

*Attorneys for Plaintiff Mandarin Oriental, Inc.*

**CERTIFICATE OF COMPLIANCE**

I, Edward M. Joyce, hereby certify that this letter-motion complies with the word count limits set forth in Rule II.C.2 of Judge Cave's Individual Practices in Civil Cases because this letter-motion contains 1,050 words.

*/s/ Edward M. Joyce*
Edward M. Joyce

**CERTIFICATE OF SERVICE**

I, Edward M. Joyce, hereby certify that, pursuant to Federal Rules of Civil Procedure 5 and 45, I served the above letter-motion on J.S. Held, LLC on September 9, 2025 by mailing a copy via overnight mail to J.S. Held LLC's last known address at:

50 Jericho Quadrangle
Suite 117
Jericho, New York 11753

*/s/ Edward M. Joyce*
Edward M. Joyce